IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ROBERT C. TANNER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. CIV-12-1049-HE |
| | ) |
| WAYNE BROUSARD, | ) |
| | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

The Plaintiff initiated the present action without payment of the filing fee or a request for pauper status. The action should be summarily dismissed without prejudice to refiling.

The Court previously directed the Plaintiff to either pay the $350.00 filing fee or submit a motion for leave to proceed *in forma pauperis*. Order to Plaintiff to Cure Deficiency (Sept. 19, 2012). Mr. Tanner was warned that "[f]ailure to comply with this Order may result in the dismissal of this action, without further notice." *Id.* The deadline expired on October 10, 2012, and Mr. Tanner has neither responded nor requested an extension of time to comply.[1]

---

[1] Documents mailed to the Plaintiff have been returned to the Clerk because Mr. Tanner apparently is no longer at the Federal Transfer Center. Local Civil Rule 5.4(a) requires any litigant to promptly notify the Court whenever his address changes during the pendency of the litigation. Under the rule, mailing of an order is sufficient when it is sent to the party's last known address. *See* LCvR 5.4(a). The Clerk complied with the rule by sending all orders to Mr. Tanner's last known address.

Under these circumstances, the proceedings should be dismissed without prejudice to the filing of a new action. *Bradenburg v. Beaman*, 632 F.2d 120, 122 (10th Cir. 1980) (*per curiam*) (upholding dismissal of "habeas corpus/civil rights complaint for failure of [the plaintiff/petitioner] to follow the directions under Local Rule 26").

Mr. Tanner is advised of his right to object to this report and recommendation by November 5, 2012. *See* Fed. R. Civ. P. 6(a)(1)(C), 6(d), 72(b)(2); 28 U.S.C.A. § 636(b)(1) (West 2011). If Mr. Tanner does object, he must file a written objection with the Court Clerk for the United States District Court, Western District of Oklahoma. The absence of a timely objection would waive Mr. Tanner's right to review by the Tenth Circuit Court of Appeals. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This report discharges the referral.

Entered this 17th day of October, 2012.

_____
Robert E. Bacharach
United States Magistrate Judge